# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MARIA NAVARRO** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **V.** | § | **CASE NO. SA-23-CV-00292-XR** |
| | § | |
| **NEWLEAF HOMES, LLC,** | § | |
| **CENTER POINT REALTY** | § | |
| **COMPANY, AND** | § | |
| **FRED GHAVIDEL** | § | |
| | § | |
| *Defendants.* | § | |

### DEFENDANTS' RESPONSE AND ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS <u>SUBJECT TO RULE 8 AND RULE 12 DEFENSES</u>

TO THE HONORABLE JUDGE XAVIER RODRIGUEZ:

**NOW COME NEWLEAF HOMES LLC, CENTER POINT REALTY COMPANY, AND FRED GHAVIDEL**, Defendants in the above styled referenced complaint, and would respectfully show unto the Court as follows:

### I.     DISCOVERY PLAN AND RULE 47 STATEMENT

**1.**     There are no general denials in federal court. Therefore, paragraph 1 is specifically denied. Defendants NewLeaf Homes, LLC, Center Point Realty Company, and Fred Ghavidel will endeavor to respond to each paragraph in plaintiff NAVARRO's complaint and amended complaint utilizing the same

headings and paragraph numbers as the complaint to the extent possible. The parties have submitted scheduling order recommendations.

2.  Texas Rule of Civil Procedure 47(c) does not apply; however, NewLeaf Homes LLC, and Fred Ghavidel will abide by the federal court disclosure rules. Defendants acknowledge that plaintiff seeks monetary relief over $250,000.00, but less than $1,000,000.00 but defendants NewLeaf Homes, LLC, Center Point Realty Company and Fred Ghavidel deny that plaintiff has any right or claim that would entitle her to monetary or equitable relief of any kind. The remainder of the paragraph is denied.

## II.    PARTIES

3.  Admitted to the extent plaintiff was a sales agent for New Leaf Homes and Center Point Realty Company, but denied in all other aspects.

4.  Admitted Defendant NewLeaf Homes, LLLC is a Texas limited liability company with its principal place of business in San Antonio, Texas.

5.  Admitted Defendant Center Point Realty Company is a Texas corporation with its principal place of business in San Antonio, Texas.

6.  Denied, Fred Ghavidel is improperly identified as a party in his personal individual capacity, he is the co-owner and manager of New Leaf Homes, LLC,

and all of his actions were on behalf of NewLeaf Homes, LLC. which also deals with Center Point Realty Company. The rest of the paragraph 6 is denied.

## III.    JURISDICTION AND VENUE

7.    Defendants admit that NewLeaf Homes LLC, is a Texas limited liability company with its principal place of business in San Antonio, Texas, and may be served with process through its registered agent for service: Fred Ghavidel, 6735 I.H. 10 West, Suite 10, San Antonio, TX 78201, but deny that plaintiff has plead or proven a cognizable claim for monetary damages or equitable relief.

8.    Defendants, admit that venue is proper in the United States District Court for the Western District of Texas, San Antonio Division in Bexar County, Texas.

## IV. EXHAUSTION OF ADMINISTRTIVE REMEDIES

9.    Defendants admit that plaintiff filed a Charge with the Equal Employment Opportunity Commission (EEOC) and the Texas Workforce Commission Civil Rights Division but deny the remainder of the paragraph. The EEOC and the TWC-CRD dismissed plaintiff claims, (TWC-CRD) after investigating the claims.

## V.    WAIVER OF ARBITRATION

10.    Denied to the extent this mischaracterizes the events, but admits that this case is not subject to arbitration. Defendants' deny the remaining allegations in paragraph 10.

**11.** Denied to the extent this mischaracterizes the events, but admits that this case is not subject to arbitration. Defendants' deny the remaining allegations in paragraph 11.

**12.** Denied to the extent this mischaracterizes the events, but admits that this case is not subject to arbitration. Defendants' deny the remaining allegations in paragraph 12.

**13.** Admitted to the extent this is not subject to arbitration, denied in all other respects.

**14.** Admitted to the extent this is not subject to arbitration, denied in all other respects.

**15.** Denied to the extent this mischaracterizes the events, but admits that this case is not subject to arbitration. Defendants' deny the remaining allegations in paragraph 15.

**16.** Denied to the extent this mischaracterizes the events, but admits that this case is not subject to arbitration. Defendants' deny the remaining allegations in paragraph 16.

**17.** Denied to the extent this mischaracterizes the events, but admits that this case is not subject to arbitration. Defendants' deny the remaining allegations in paragraph 17.

**18.** Denied to the extent this mischaracterizes the events, but admits that this case is not subject to arbitration. Defendants' deny the remaining allegations in paragraph 18.

## VI. BACKGROUND FACTS

### A.    NewLeaf Homes, LLC

**19.**    Defendants admit that NewLeaf Homes, LLC is a homebuilder, and residential community builder and land developer that constructs and sells new houses within its residential communities / subdivisions. Regarding paragraph number 19 under the **Background Facts** section, NewLeaf Homes, LLC acknowledges it is in the business of building and selling homes, and communities.

**20.**    Plaintiff MARIA NAVARRO worked as an independent contractor, commission-based sales agent or subcontractor, but not as an employee of NewLeaf Homes, LLC. NewLeaf Homes, LLC admits it is in the business of building and selling new homes and residential communities. Defendants deny the remainder of paragraph 20.

**21.**    Admitted to the extent these are the approximate dates MARIA NAVARRO was a sales agent for NewLeaf Homes, LLC.

**22.**    Admitted to the extent these are the approximate dates MARIA NAVARRO was a sales agent for NewLeaf Homes, LLC.

**23.** Defendants admit only that MARIA NAVARRO was a commission–based sales agent for NewLeaf Homes, LLC, and performed the duties she agreed to and was contractually obligated to perform. Any and all other allegations in paragraph 23 are denied.

**24.**     Defendants admit that plaintiff NAVARRO often worked with a partner sales agent and split or shared their commissions when appropriate. Plaintiff was not an hourly wage earner. Defendants deny the remainder of paragraph 24. Upon completion of our investigation of the facts, it may be that, an amended answer will be filed.

**25.**     Paragraph 25 is admitted to the extent it was part of the NewLeaf Homes, LLC agreement with sales agents.

**26.** Denied to the extent this implies that NewLeaf Homes, LLC dictated the specific criteria for a sales agent to earn their commission; admitted to the extent it sets forth the procedures for securing sales.

**27.**     Defendants deny paragraph 27.

**28.**     Defendants deny the implication in paragraph 28 that plaintiff earned commissions with NewLeaf Homes, LLC for which she was not paid.  To the extent an answer is required, Defendants deny paragraph 28.

**29.**    Defendants deny the implication in paragraph 29 that plaintiff earned commissions at the time of contract signing with clients of NewLeaf Homes, LLC. Defendants deny paragraph 29.

**30.**    Defendants deny the implication in paragraph 30 that there is "no agreement that plaintiff's earned commissions would be canceled upon termination of plaintiff's employment". Defendants deny that plaintiff earned commissions during her employment with NewLeaf Homes, LLC for which she was not paid. Defendants deny that plaintiff continued to earn sales commissions after her termination. Defendants deny paragraph 30.

**31.**    Defendants deny that NewLeaf Homes, LLC has failed or refused to pay plaintiff any sales commissions earned during her employment. Defendants deny paragraph 31.

**32.**    Defendants deny that paragraph 32 sets forth the only causes for which a sales agent could have their commissions withheld.

**33.**    Defendants deny paragraph 33 to the extent it seeks to limit the legitimate causes doe which commissions can be withheld and to the extent it seeks to make a legal conclusion that "cause does not exist" for withholding commissions.

**34.**    Defendants deny paragraph 34.

**35.**    Defendants deny paragraph 35.

**36.**    Plaintiff MARIA NAVARRO has been paid for all sales commissions earned while employed as a commissioned sales agent at New Leaf Homes, LLC. Paragraph 36 of plaintiff's amended complaint is denied.

**37.**    Defendants deny that NewLeaf Homes, LLC has failed or refused to pay plaintiff any sales commissions earned during his employment. Furthermore, NewLeaf Homes, LLC applied the same or similar commission schedule to all of its sales agents during their employment by NewLeaf Homes, LLC. Defendants deny paragraph 37.

**38.**    Defendants deny paragraph 38.

*1.*    ***Plaintiff Was Not an Hourly Employee—Plaintiff Was an Authorized Commission Sales Agent of NewLeaf Homes, LLC.***

**39.**    Plaintiff NAVARRO was at no time an hourly employee of NewLeaf Homes, LLC. Plaintiff was a sales representative exempt from hourly compensation under the Federal Labor Standards Act ("FLSA"), 29U.S.C. §201-19. Defendants deny paragraph 39.

**40.**    Defendants deny paragraph 40.

**41.**    Defendants deny paragraph 27, plaintiff was a commission-based sales; plaintiff was not an employee.

**42.**    Defendants classification of Plaintiff NAVARRO as a commissioned sales agent was at all times proper and authorized. Defendants deny paragraph 42.

**43.**    Plaintiff NAVARRO was a commission- based sales agent for NewLeaf Homes LLC. Fred Ghavidel has been improperly joined as a party defendant. Defendants deny paragraph 43.

**44.**    The manner in which plaintiff NAVARRO performed her sales services was determined by NAVARRO. Defendants deny paragraph 44.

**45.**    To the extent an answer is required here, Defendants deny paragraph 45.

**46.**    Plaintiffs' statement at paragraph 46 is a complete mischaracterization of the facts. Defendants deny paragraph 46.

**47.**    Defendants deny paragraph 47. Sales staff including plaintiff were given as much freedom to do their job as possible consistent with NewLeaf Homes, LLC's principles including honesty with clients, fairness and continuing communications.

**48.**    Defendants admit that NewLeaf Homes maintained control over pricing and marketing to the extent this was possible during the pandemic which greatly affected supply chain availability of building materials, appliances and even masking. All of these factors greatly affected sales in a negative way. The remainder of paragraph 48 is denied.

**49.**    Defendants deny paragraph 49. Upon completion of our investigation of the facts, it may be that, an amended answer will be filed.

**50.**    Defendants admit that NewLeaf Homes, LLC was subject to the variations in pricing during the pandemic that were unprecedented in modern times. Further

defendants admit to marketing their homes and communities in traditional ways and wholly new ways in an effort to remain in business during volatiles times. The remainder of Plaintiff's paragraph 50 is denied.

**51.**    Defendants deny paragraph 51.

**52.**    Defendant NewLeaf Homes, LLC provided necessary marketing materials including an inventory of houses to be sold. However, to the extent an answer is required, Defendants deny paragraph 52.

**53.**    Defendants deny paragraph 53.

**54.**    We have not reached the point in our investigation where defendants can determine if all supplies, receipts and open house items were purchased by NewLeaf Homes, LLC. However, to the extent an answer is required, Defendants deny paragraph 54.

**55.**    NewLeaf Homes, LLC sales agents worked in the field and largely out of the office. Defendants deny paragraph 55.

**56.**    Defendants admit a continuing relationship between NewLeaf Homes, LLC and plaintiff that was mutually beneficial. Defendants deny paragraph 56 in all other respects.

**57.**    NewLeaf Homes, LLC did from time to time encourage sales representatives to attend on-site sales meetings where methods and training were discussed. However, to the extent an answer is required, Defendants deny paragraph 57.

**58.**    Paragraph 58 mischaracterizes the manner and specific hours that Plaintiff utilized the model homes in an effort to make contact with customers or potential customers. However, to the extent an answer is required, Defendants deny paragraph 58.

**59.**    We have not reached the point in our investigation where we can determine whether plaintiff's contentions at paragraph 59 can be admitted or denied. However, to the extent an answer is required, Defendants deny paragraph 59.

**60.**    Plaintiff's contentions at paragraph 60 are admitted to the extent defendants did their best to keep sales representatives motivated during the downturn in the local, state and national economy due to supply chain issues and labor shortages caused by the COVID-19 pandemic. However, to the extent an answer is required, Defendants deny paragraph 60.

**61.**    Defendants have not reached the point in our investigation where we can admit or deny the specific level of "managerial skills that affected her opportunity for profit or loss." Nonetheless, to the extent an answer is required, Defendants deny paragraph 61.

**62.**    Defendants deny that sales agents including plaintiff NAVARRO were not invested in facilities, tools or equipment to make selling homes easier or more likely or more profitable. Defendants deny paragraph 62.

**63.**    Plaintiff's paragraph 63 is vague and unclear but defendants do confirm that plaintiff was paid commissions by check.

**64.**    Defendants correctly issued Internal Revenue Service (IRS) forms 1099 to plaintiff. Plaintiff did not qualify as a W-2 employee. Therefore, defendants admit paragraph 64.

**65.**    IRS form 1099s are appropriately used when businesses make payments during a calendar year to self-employed (individual) or small business. They are considered "informational" in that a copy of the 1099 is also filed with the Internal Revenue Service. Paragraph 65 is denied for all other purposes.

**66.**    Defendants vigorously deny using 1099s rather than W-2s as part of a scheme to avoid tax liability under the Federal Insurance Contributions Act. Additionally, Defendants deny using 1099s rather than W-2s as part of a scheme to avoid tax liability under the Federal Unemployment Tax Act. Furthermore, Defendants deny using 1099s rather than W-2s as part of a scheme involving worker's compensation. The claims in paragraph 66 are frivolous malicious claims by plaintiff NAVARRO and/or her counsel which violate Rule 11, Federal Rules of Civil Procedure.

**67.**    Defendants deny that NewLeaf Homes, LLC improperly issued 1099 IRS Forms to plaintiff NAVARRO or any other sales agent. Issuing a 1099 does not

constitute fraudulent conduct. This constitutes another frivolous claim by plaintiff and her counsel.

**68.**    Defendants deny plaintiff's frivolous allegations that NewLeaf Homes, LLC designed its business policies and practices to violate any state laws regarding wages or any federal minimum wage or overtime laws. Defendants deny paragraph 68. This baseless contention also violates Rule 11, Federal Rule of Civil Procedure.

**69.**    Plaintiff's paragraph 69 is denied in that it misstates the facts, misstates the laws and operative IRS regulations and guidelines. Plaintiff's baseless allegations are frivolous and sanctionable.

**70.**    Plaintiff's paragraph 70 is denied in that it misstates the facts, misstates the laws and operative IRS regulations and guidelines. Plaintiff's baseless allegations are frivolous and sanctionable.

**71.**    Plaintiff's paragraph 71 is denied in that it misstates the facts, misstates the laws and operative IRS regulations and guidelines. Plaintiff's baseless allegations are frivolous and sanctionable.

**72.**    The manner in which plaintiff NAVARRO performed her sales services was determined by plaintiff NAVARRO.  Defendants deny paragraph 72.

**73.**    Defendants deny paragraph 73, in that plaintiff was properly paid for her work for NewLeaf Homes LLC. Plaintiff NAVARRO was an exempt outside sales representative in accordance with the Federal Labor Standards Act (FLSA)

**74.**    Defendants NewLeaf Homes, LLC and Fred Ghavidel deny adopting any policy and practice to keep from paying any minimum wages or overtime wages due to any of its hourly employees. Defendants NewLeaf Homes, LLC and Fred Ghavidel deny that plaintiff has any right or claim that would have entitled her to receive minimum wage and any overtime wages because plaintiff MARIA NAVARRO was a commissioned sales agent not an hourly employee. Defendant Fred Ghavidel has been improperly sued as he was not an employer as defined by the FLSA. Moreover, plaintiff NAVARRO has not and cannot factually claim that Fred Ghavidel should be considered a joint employer, or that he is the alter ego of NewLeaf Homes, LLC or advance and theory of co-mingling of bank accounts that could possibly serve as the basis for such a theory.

**75.**    Defendants deny that plaintiff was ever employed by NewLeaf Homes, LLC as an hourly employee; plaintiff NAVARRO was an authorized commissioned outside sales agent. Defendants NewLeaf Homes, LLC and Fred Ghavidel deny plaintiff's allegations of failing to maintain proper employment records and deny failing to pay plaintiff for commissions earned and deny that plaintiff as a commissioned sales agent was entitled to overtime compensation pursuant to the FLSA. Plaintiff's claims once again, are without merit, are unsupported by the evidence and/or the supporting regulations and law. These are frivolous allegations

for which plaintiff NAVARRO and/or her counsel should be sanctioned by this court.

76.    Defendants NewLeaf Homes, LLC and Fred Ghavidel deny plaintiff's allegations in paragraph 76 that its policies and practices violated FLSA wage laws.

77.    Defendants NewLeaf Homes, LLC and Fred Ghavidel deny plaintiff's allegations in paragraph 77 that Defendants willfully violated the FLSA. NewLeaf Homes, LLC any Fred Ghavidel deny that plaintiff NAVARRO ever had any right or claim that would have entitled her to receive hourly wages or overtime wages at the rates required by the FLSA because plaintiff was not an hourly employee but an authorized commissioned sales agent for NewLeaf Homes.

78.    Defendant NewLeaf Homes' denies plaintiffs paragraph 78 that NewLeaf Homes, LLC's submission of 1099s rather than W-2s for Plaintiff's sales commissions was in any way improper or a violation of 26 U.S.C. section 7434.

79.    Plaintiff's paragraphs 79 is not based on any facts and therefore denied.

80.    Plaintiff's paragraphs 80 is not based on any facts, is a false statement and therefore denied.

81.    Plaintiff's paragraphs 81 is not based on any facts, is a base statement of facts and therefore denied.

## B.    Center Point Realty Company

**82.** At all times material hereto Center Point Realty Company was a Texas LLC real estate broker.

**83.** Defendants admit that plaintiff MARIA NAVARRO was a licensed real estate agent.

**84.** Defendants admit that plaintiff NAVARRO maintained her license with Center Point Realty Company; denied in all other respects.

**85.** Defendant's admit that plaintiff MARIA NAVARRO entered into a contract with defendant Center Point Realty Company; denied in all other respects.

**86.** Paragraph 86 is confusing, unclear and unreadable and to this extent is denied.

**87.** Defendants admit that NewLeaf Homes, LLC entered into a contract to purchase unimproved property. The remainder of paragraph 87 is denied.

**88.** Defendants admit that plaintiff NAVARRO was involved in commission agreement, but after a diligent search cannot confirm the specific amounts claimed and the remainder of the paragraph is therefore denied.

**89.** Defendants deny that plaintiff NAVARRO was "underpaid" earned commission. The remainder of the paragraph is denied.

**90.** Defendants deny that plaintiff NAVARRO was "underpaid" earned commission. The remainder of the paragraph is denied to the extent it contends earned commissions were underpaid or not paid it is denied.

**91.** Defendants deny that plaintiff NAVARRO was "underpaid" earned commissions.

**92.** Defendants deny paragraph 92.

## C.    Fred Ghavidel Not a Proper Party and Should Be Dismissed

**93.**    Defendant Fred Ghavidel admits that he is the owner, President, and Manager of NewLeaf Homes, LLC but denies that he is an employer in his individual capacity. NewLeaf Homes, LLC is an employer and properly paid plaintiff NAVARRO for all commissions due. Defendant Fred Ghavidel denies the remaining parts of paragraph 93.

**94.**    Defendant Fred Ghavidel admits that he is the owner, President, and Manager of NewLeaf Homes, LLC but denies that he is an employer in his individual capacity. NewLeaf Homes, LLC is an employer and properly paid plaintiff NAVARRO for all commissions due. Defendant Fred Ghavidel denies the remaining parts of paragraph 94.

**95.**    Defendants NewLeaf Homes, LLC itself or its agents, officers, servants, employees, or representatives, including Defendant Ghavidel, deny that NewLeaf Homes, LLC acts or omissions were done with the full authorization or ratification of Defendant Ghavidel so far as the agency doctrine is applicable. Defendants deny any other form of interpretation of paragraph 95.

**96.**    To the extent a response to paragraph 96 is needed it is denied.

**97.**    Defendants deny plaintiff's allegations in paragraph 97 that Fred Ghavidel was directly involved in the decision to refuse payment of earned commissions from NewLeaf Homes, LLC.

**98.**    Defendants deny any and all allegations in paragraph 98.

**99.**    Defendants deny the plaintiff's paragraph 99 allegations that Defendants' revised and/or cancelled transactions involving Plaintiff so that they could then be redrafted or reinstated without Plaintiff's name in an attempt to deny earned commissions. Defendants further deny plaintiff NAVARRO's commissions were given or paid to anyone else after plaintiff's termination.

## 2.    No Joint Employer

**100.**    Defendants NewLeaf Homes, LLC and Fred Ghavidel deny that they have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d). Rule b (1) (2) and (b) defenses are hereby asserted for Fred Ghavidel as plaintiff has not stated a claim for relief against Ghavidel for which relief can be granted. Ghavidel should be dismissed as a defendant in his individual capacity because he was not a joint employer.

**101.**    Defendants NewLeaf Homes, LLC and Fred Ghavidel deny the allegations in paragraph 101. Frank Ghavidel is not an employer within the meaning of the FLSA. He is a manager of NewLeaf Homes, LLC which is a separate tax paying

entity. As such, there is no basis for holding Ghavidel personally responsible for acts performed in a managerial capacity for his employer.

**102.** Defendants NewLeaf Homes, LLC and Fred Ghavidel deny the allegations in paragraph 102 to the extent plaintiff's income was based on commission.

**103.** Defendants NewLeaf Homes, LLC and Fred Ghavidel deny the allegations in paragraph 103, they have never been joint employers within the meaning of Section 3(b) of the FLSA, 29 U.S.C. § 203(d).

**104.** Defendants NewLeaf Homes, LLC and Fred Ghavidel deny the allegations in paragraph 104 to the extent plaintiff NAVARRO worked as a commission sales agent for NewLeaf Homes, LLC.

**105.** Defendants NewLeaf Homes, LLC and Fred Ghavidel deny the allegations in paragraph 105.

**106.** Defendant NewLeaf Homes, LLC denies paragraph 106 with respect to payment of the earned commissions by plaintiff. The remaining allegations in paragraph 106 are denied.

**107.** Defendants NewLeaf Homes, LLC and plaintiff NAVARRO determined she would be an independent contractor sales represented. Defendants deny the remaining allegations in paragraph 107.

**108.** Defendants NewLeaf Homes, LLC and Fred Ghavidel deny plaintiff's allegations in paragraph 108.

**109.** Defendants NewLeaf Homes, LLC and Fred Ghavidel deny plaintiff's allegations in paragraph 109.

**110.** Plaintiff benefitted from the commissions she earned as a sales agent for NewLeaf Homes, LLC. To the extent an answer is required, Defendants deny the remaining allegations in paragraph 110.

**111.** To the extent an answer is required, Defendants deny paragraph 111.

**112.** To the extent an answer is required, paragraph 112 is denied.

**113.** To the extent that paragraph 113 improperly names Fred Ghavidel in his individual capacity, defendants deny paragraph 113.

**114.** Plaintiff was employed as a commission–based sales agent only by NewLeaf Homes, LLC and not by Fred Ghavidel. To the extent an answer is required, paragraph 114 is denied.

**115.** Defendants object to the plaintiff's blatant efforts to fabricate evidence. This is another violation of counsel's duties to this Court and to the legal process. This is a violation of Rule 11 (b) (1) in that it is being presented for an improper purpose such as to harass and increase the costs of litigation; (2) the asserted claims are not warranted by existing law or by a non–frivolous argument for extending, modifying, or reversing existing law or establishing new law. Defendants believe this conduct is sanctionable. To the extent an answer is required, paragraph 115 is denied.

### D.   No Discrimination Against Plaintiff or Others

**116.** Defendants deny paragraph 116.

**117.** Defendants cannot confirm that the plaintiff timely filed a Charge of Discrimination with the appropriate administrative agency. Moreover, Defendants cannot confirm a timely or appropriate "Demand for Arbitration." To the extent an answer is required, paragraph 117 is denied.

**118.** Defendants cannot confirm that the plaintiff timely filed a Charge of Discrimination with the appropriate administrative agency. In the event defendants' investigation confirms this then defendants reserve the right to amend this answer. To the extent an answer is required, Defendants deny paragraph 118.

**119.** Defendants object to the plaintiff's mischaracterization of the defendant NewLeaf Homes, LLC's response to the EEOC in Paragraph 119. To the extent an answer is required, Defendants deny paragraph 119. Upon completion of our investigation of the facts, it may be that, an amended answer will be filed.

**120.** Defendants deny paragraph 120.

**121.** Defendants deny paragraph to the extent that the "unforeseen housing market" refers to the effects of COVID-19, and its accompanying efforts by government to slow/stop the spread of the disease, which were unprecedented in modern times and affected all markets.

**122.** Defendants deny paragraph 122.

**123.** Defendants deny paragraph 123.

**124.** Defendants deny paragraph 124.

**125.** Defendants deny paragraph 125.

**126.** Defendants deny paragraph 126 in that it mischaracterizes the events in question. Defendants were struggling to adapt and remain in business.

**127.** Defendants deny Plaintiff was an employee, MARIA NAVARRO was an independent contractor, commission-based sales agent or subcontractor for NewLeaf Homes, LLC and/or agent for Center Point Realty Company. Paragraph 127 is denied.

**128.** Paragraph 128 is unclear and confusing as to who considered plaintiff MARIA NAVARRO a "permanent employee". The phrase certainly does not apply to commission sales agents. To the extent an answer is required, defendants deny paragraph 128.

**129.** Defendants deny all allegations in paragraph 129.

**130.** Defendants deny all allegations in paragraph 130.

**131.** Defendants deny the allegations in paragraph 131.

**132.** Defendants admit that plaintiff filed a Charge with the EEOC, and note that the EEOC dismissed plaintiff's claim on the merits after an investigation. However, defendants cannot confirm that the suit was timely filed.

## VII. CONDITIONS PRECEDENT AND NOTICE

**133.** To the extent an answer is required, Defendants deny all conditions precedent "have been performed, waived or have occurred."

## VIII. CAUSES OF ACTION

<u>COUNT I</u>
<u>BREACH OF CONTRACT</u>
*Against New Leaf Homes and Ghavidel*

**134.** Defendants deny paragraph 134.

**135.** Admitted to the extent MARIA NAVARRO entered into an agreement with NewLeaf Homes, LLC as a commission based sales agent; denied in all other respects.

**136.** Admitted to the extent this refers to NewLeaf Homes, LLC, denied in all other respects.

**137.** Defendants deny paragraph 137.

**138.** Defendants deny paragraph 138.

**139.** Defendants deny paragraph 139.

**140.** Defendants deny paragraph 140.

**141.** Defendants deny paragraph 141.

## COUNT II
## BREACH OF CONTRACT
### *Against Defendant Center Point Realty*

**142.**   Defendants deny all paragraphs previously denied. Moreover, Fred Ghavidel is not a proper party to this action in her individual capacity.

**143.**   Defendants admit Navarro was a licensed real estate agent but deny paragraph 143 in all other respects.

**144.**   Defendants admit paragraph 144 to the extent that plaintiff NAVARRO was a sales agent for Center Point Realty, but deny paragraph 144 in all other respects.

**145.**   Defendants deny paragraph 145.

**146.**   Defendants deny paragraph 146.

**147.**   Defendants deny paragraph 147.

**148.**   Defendants deny paragraph 148.

**149.**   Defendants deny paragraph 149.

## COUNT III
## QUANTUM MERUIT
### *Against all Defendants*

**150.** Defendants deny paragraph 150.

**151.** Defendants deny that plaintiff has stated a cognizable claim for quantum meruit in paragraph 151. This is vexatious pleading and should be dismissed pursuant to rule 12 (b) (6), Federal Rules of Civil Procedure.

**152.** Plaintiff Navarro was a valued sales agent of New Leaf Homes, LLC and Center Point Realty Company; Navarro was never employed by Fred Ghavidel who has been improperly sued by plaintiff in his individual capacity. To the extent an answer is required, paragraph 152 is denied. Plaintiff provided services for which she was completely paid.

**153.** Plaintiff Navarro was a valued sales agent of New Leaf Homes, LLC and Center Point Realty Company; Navarro was never employed by Fred Ghavidel who has been improperly sued by plaintiff in his individual capacity. To the extent an answer is required, paragraph 152 is denied. Plaintiff provided services for which she was completely paid.

**154.** Plaintiff Navarro was a valued sales agent of New Leaf Homes, LLC and Center Point Realty Company; Navarro was never employed by Fred Ghavidel who has been improperly sued by plaintiff in his individual capacity. To the extent an answer is required, paragraph 152 is denied. Plaintiff provided services for which she was completely paid.

**155.** Defendants admit paragraph 155 and note that plaintiff was fully and properly paid for hir services, denied in all other respects.

**156.** Plaintiff was fully and properly compensated for all sales during her employment as a commission–based sales agent for New Leaf Homes, LLC. To the extent an answer is required, Defendants deny all allegations in paragraph 156.

Upon completion of our investigation of the facts, it may be that, an amended answer will be filed.

**157.** Defendants deny all allegations in paragraph 157. Plaintiff was fully and properly compensated.

**158.** Defendants deny all allegations in paragraph 158.

**159.** Defendants deny all allegations in paragraph 159.

**160.** Plaintiff was fully and properly compensated. To the extent an answer is required, Defendants deny all allegations in paragraph 160.

**161.** Defendants deny paragraph 161.

**COUNT IV**
**PROMISSORY ESTOPPEL NOT APPLICABLE**
*Against All Defendants*

**162.** The plaintiff's claims are frivolous, unsupported by law or facts and should be sanctioned. To the extent an answer is required, Defendants deny all allegations in paragraph 162.

**163.** The claims are frivolous, unsupported by law or facts and should be sanctioned. To the extent an answer is required, Defendants deny all allegations in paragraph 163.

**164.** Defendants deny all allegations in paragraph 164.

**165.** Defendants deny breaching any promise to NAVARRO and deny all allegations in paragraph 165.

**166.**   Paragraph 166 is denied.

**167.**   Plaintiff NAVARRO's "boilerplate" pleadings are frivolous and denied.

**168.**   Plaintiff NAVARRO's pleadings are frivolous; paragraph 168 is denied. Pleadings of this nature violate the requirements of Rule 11, Federal Rule of Civil Procedure.

**169.**   Plaintiff NAVARRO's pleadings are frivolous; paragraph 169 is denied. Pleadings of this nature violate the requirements of Rule 11, Federal Rule of Civil Procedure.

**170.**   Plaintiff's claims in paragraph 170 are frivolous, made in bad faith and upon information and belief intended to harass and therefore denied.

### COUNT V
### NO UNJUST ENRICHMENT
#### *Against All Defendants*

**171.**   Plaintiff's claims for unjust enrichment are frivolous and therefore denied. To the extent an answer is required, Defendants deny all allegations in paragraphs 171 through 178. NAVORRO's "shot gun" approach to pleading violates Rule 11, Federal Rules of Civil Procedure.

**172.**   Defendants deny all allegations in paragraph 172.

**173.**   Defendants deny all allegations in paragraph 173.

**174.**   Defendants deny all allegations in paragraph 174.

**175.**   Defendants deny all allegations in paragraph 175.

**176.**  Defendants deny all allegations in paragraph 176.

**177.**  Defendants deny all allegations in paragraph 177.

**178.**  Defendants deny all allegations in paragraph 178.

### COUNT VI
### NO FRAUD
### *Against All Defendants*

**179.**  Plaintiff's paragraph 179 seeks to incorporate plaintiff's prior paragraphs which defendants have largely objected to as meritless and denied and is therefore denied. Plaintiff's "shot gun" pleading of false, inapplicable causes of action violate Rule 11 and should be sanctioned then dismissed pursuant to Rule 12 (b)(6).

**180.**  Plaintiff's paragraph 180 is unsupported, frivolous and therefore denied.

**181.**  Plaintiff's paragraph 181 is unsupported, frivolous and therefore denied.

**182.**  Plaintiff's paragraph 182 is unsupported, frivolous and therefore denied.

**183.**  Plaintiff's paragraphs 183 is unsupported, frivolous and therefore denied.

**184.**  Plaintiff's paragraph 184 is unsupported, frivolous and therefore denied.

**185.**  Plaintiff's paragraph 185 is unsupported, frivolous and therefore denied.

**186.**  Plaintiff's paragraph 186 is unsupported, frivolous and therefore denied.

**187.**  Plaintiff's paragraph 187 is unsupported, frivolous and therefore denied.

## COUNT VII
## MONEY HAD AND RECEIVED CLAIM SHOULD BE DISMISSED

**188.** Paragraph 188 fails to allege any facts that are applicable to the case at bar. Defendants respectfully request these claims be dismissed for failure to state a claim upon which relief can be granted pursuant to Rule 12 (b)(6), Federal Rules of Civil Procedure. To the extent an answer is needed paragraph 188 is denied.

**189.** Paragraph 189 fails to allege any facts that are applicable to the case at bar. Defendants respectfully request these claims be dismissed for failure to state a claim upon which relief can be granted pursuant to Rule 12 (b)(6), Federal Rules of Civil Procedure. To the extent an answer is needed paragraph 189 is denied.

**190.** Paragraph 190 fails to allege any facts that are applicable to the case at bar. Defendants respectfully request these claims be dismissed for failure to state a claim upon which relief can be granted pursuant to Rule 12 (b)(6), Federal Rules of Civil Procedure. To the extent an answer is needed paragraph 190 is denied.

**191.** Paragraph 191 fails to allege any facts that are applicable to the case at bar. Defendants respectfully request these claims be dismissed for failure to state a claim upon which relief can be granted pursuant to Rule 12 (b)(6), Federal Rules of Civil Procedure. To the extent an answer is needed paragraph 191 is denied.

**192.** Paragraph 192 fails to allege any facts that are applicable to the case at bar. Defendants respectfully request these claims be dismissed for failure to state a

claim upon which relief can be granted pursuant to Rule 12 (b)(6), Federal Rules of Civil Procedure. To the extent an answer is needed paragraph 192 is denied.

**193.** Paragraphs 193 fails to allege any facts that are applicable to the case at bar. Defendants respectfully request these claims be dismissed for failure to state a claim upon which relief can be granted pursuant to Rule 12 (b)(6), Federal Rules of Civil Procedure. To the extent an answer is needed paragraph 193 is denied.

## COUNT VIII
## NO THEFT OF SERVICES

**194.** Plaintiff NAVARRO's "boiler plate" pleading at paragraph 156 is completely without any support in facts or law and cannot reasonably and professionally be construed as arguing for a good faith interpretation of the law or for modification of the law or for change in the law. Plaintiff's pleadings violate the standards set forth in Rule 11, Federal Rules of Civil Procedure. The contents of paragraph 194 are hereby denied.

**195.** Plaintiff NAVARRO's "boiler plate" pleading at paragraph 195 is completely without any support in facts or law and cannot reasonably and professionally be construed as arguing for a good faith interpretation of the law or for modification of the law or for change in the law. Plaintiff's pleadings violate the standards set forth in Rule 11, Federal Rules of Civil Procedure. The contents of paragraph 195 are hereby denied.

**196.** Plaintiff NAVARRO's "boiler plate" pleading at paragraph 196 is completely without any support in facts or law and cannot reasonably and professionally be construed as arguing for a good faith interpretation of the law or for modification of the law or for change in the law. Plaintiff's pleadings violate the standards set forth in Rule 11, Federal Rules of Civil Procedure. The contents of paragraph 196 are hereby denied.

**197.** Plaintiff NAVARRO's "boiler plate" pleading at paragraph 197 is completely without any support in facts or law and cannot reasonably and professionally be construed as arguing for a good faith interpretation of the law or for modification of the law or for change in the law. Plaintiff's pleadings violate the standards set forth in Rule 11, Federal Rules of Civil Procedure. The contents of paragraph 197 are hereby denied.

**198.** Plaintiff NAVARRO's "boiler plate" pleading at paragraph 198 is completely without any support in facts or law and cannot reasonably and professionally be construed as arguing for a good faith interpretation of the law or for modification of the law or for change in the law. Plaintiff's pleadings violate the standards set forth in Rule 11, Federal Rules of Civil Procedure. The contents of paragraph 198 are hereby denied.

**199.** Plaintiff NAVARRO's "boiler plate" pleading at paragraph 199 is completely without any support in facts or law and cannot reasonably and

professionally be construed as arguing for a good faith interpretation of the law or for modification of the law or for change in the law. Plaintiff's pleadings violate the standards set forth in Rule 11, Federal Rules of Civil Procedure. The contents of paragraph 199 are hereby denied.

**200.** Plaintiff NAVARRO's "boiler plate" pleading at paragraph 200 is completely without any support in facts or law and cannot reasonably and professionally be construed as arguing for a good faith interpretation of the law or for modification of the law or for change in the law. Plaintiff's pleadings violate the standards set forth in Rule 11, Federal Rules of Civil Procedure. The contents of paragraph 200 are hereby denied.

**201.** Plaintiff NAVARRO's "boiler plate" pleading at paragraph 201 is completely without any support in facts or law and cannot reasonably and professionally be construed as arguing for a good faith interpretation of the law or for modification of the law or for change in the law. Plaintiff's pleadings violate the standards set forth in Rule 11, Federal Rules of Civil Procedure. The contents of paragraph 201 are hereby denied.

## COUNT IX
## NO VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

**202.** Paragraph 202 has been previously denied with specificity in paragraph 39 – 81. Now they resurface here. It is respectfully submitted that this may constitute

vexatious litigation. Paragraph 202 is denied. Fred Ghavidel never employed plaintiff Navarro in his personal capacity and should be dismissed from this suit pursuant to Rule 12(b)(6), F.R.C.P.

**203.** Paragraph 203 has been previously denied with specificity in paragraph 39 – 81. Now they resurface here. It is respectfully submitted that this may constitute vexatious litigation. Paragraph 203 is denied.

**204.** Paragraph 204 has been previously denied with specificity in paragraph 39 – 81. Now they resurface here. It is respectfully submitted that this may constitute vexatious litigation. Paragraph 204 is denied.

**205.** Paragraph 204 has been previously denied with specificity in paragraph 39 – 81. Now they resurface here. It is respectfully submitted that this may constitute vexatious litigation. Paragraph 205 is denied.

**206.** Paragraph 206 has been previously denied with specificity in paragraph 39 – 81. Now they resurface here. It is respectfully submitted that this may constitute vexatious litigation. Paragraph 206 is denied.

**207.** Paragraph 207 has been previously denied with specificity in paragraph 39 – 81. Now they resurface here. It is respectfully submitted that this may constitute vexatious litigation. Paragraph 207 is denied.

**208.** Paragraph 208 has been previously denied with specificity in paragraph 39 – 81. Now they resurface here. It is respectfully submitted that this may constitute vexatious litigation. Paragraph 208 is denied.

**209.** Paragraph 209 has been previously denied with specificity in paragraph 39 – 81. Now they resurface here. It is respectfully submitted that this may constitute vexatious litigation. Paragraph 209 is denied.

**210.** Paragraph 210 has been previously denied with specificity in paragraph 39 – 81. Now they resurface here. It is respectfully submitted that this may constitute vexatious litigation. Paragraph 210 is denied.

**211.** Paragraph 211 has been previously denied with specificity in paragraph 39 – 81. Now they resurface here. It is respectfully submitted that this may constitute vexatious litigation. Paragraph 211 is denied.

**212.** Paragraph 212 has been previously denied with specificity in paragraph 39 – 81. Now they resurface here. It is respectfully submitted that this may constitute vexatious litigation. Paragraph 212 is denied.

**213.** Paragraph 213 has been previously denied with specificity in paragraph 20 – 68. Now they resurface here. It is respectfully submitted that this may constitute vexatious litigation. Paragraph 213 is denied.

**214.** Paragraph 214 has been previously denied with specificity in paragraph 39 – 81. Now they resurface here. It is respectfully submitted that this may constitute vexatious litigation. Paragraph 214 is denied.

**215.** Paragraph 215 has been previously denied with specificity in paragraph 39 – 81. Now they resurface here. It is respectfully submitted that this may constitute vexatious litigation. Paragraph 215 is denied.

**216.** Paragraph 216 has been previously denied with specificity in paragraph 39 – 81. Now they resurface here. It is respectfully submitted that this may constitute vexatious litigation. Paragraph 216 is denied.

**COUNT X**
**CIVIL DAMAGES FOR VIOLATION OF 26 U.S.C. § 74343**
**WILLFUL FILING OF FRAUDULENT TAX FORMS CLAIMS**
**SHOULD BE DISMISSED OR DENIED**

**217.** Defendants deny all allegations incorporated by reference in paragraph 217. Plaintiff's pleadings violate the standards set forth in Rule 11, Federal Rules of Civil Procedure. Plaintiff's claims should be denied as meritless and dismissed pursuant to Rule 12 (b) (6), Federal Rules of Civil Procedure.

**218.** Defendants deny all allegations incorporated by reference in paragraph 218. Any and all remainder of paragraph 218 is denied.

**219.** Defendants deny all allegations incorporated by reference in paragraph 219. Any and all remainder of paragraph 219 is denied.

**220.**  Defendants deny all allegations incorporated by reference in paragraph 220. Any and all remainder of paragraph 220 is denied.

**221.**  Defendants deny all allegations incorporated by reference in paragraph 221. Any and all remainder of paragraph 221 is denied.

**222.**  Defendants deny all allegations incorporated by reference in paragraph 222. Any and all remainder of paragraph 222 is denied.

**223.**  Defendants deny all allegations incorporated by reference in paragraph 223. Any and all remainder of paragraph 223 is denied.

### COUNT XI
### NO VIOLATION OF THE TEXAS PAYDAY LAW

**224.**  Defendants deny all allegations incorporated by reference in paragraph 224.

**225.**  To the extent an answer is required, Defendants deny all allegations incorporated by reference in paragraph 225.

**226.**  To the extent an answer is required, Defendants deny all allegations incorporated by reference in paragraph 226.

**227.**  Defendants deny all allegations incorporated by reference in paragraph 227. Upon completion of our investigation of the facts, it may be that, an amended answer will be filed.

**228.**  Defendants deny all allegations incorporated by reference in paragraph 228.

## COUNT XII
## NO RACE OR NATIONAL ORIGIN DISCRIMINATION

**229.** Defendants deny all allegations incorporated by reference in paragraph 229. Defendants have not discriminated against plaintiff NAVARRO.

**230.** Defendants deny all allegations in 230.

**231.** Defendants deny plaintiff has any cognizable claim.

**232.** Defendants deny all allegations in paragraph 233.

**233.** Defendants deny all allegations in paragraph 233.

**234.** Defendants deny all allegations in paragraph 234. Moreover, plaintiff NAVARRO did not allege a "hostile work environment" at the administrative level before either the EEOC or the TW-CRD and should not be permitted to assert these claims now. Defendants request these be dismissed for bypassing the exhaustion of administrative remedies pursuant to Rule 12 (b) (6), F.R.C.P.

**235.** Defendants deny all allegations in paragraph 235.

**236.** Defendants agree with the principles set forth at 42 U.S.C. § 1981 but deny that they apply much less were violated. To the extent an answer is required, Defendants deny all allegations in paragraph 236.

237.  Defendants admit that plaintiff was employed at NewLeaf Homes, LLC but not by Fred Ghavidel in his individual capacity. To the extent an answer is required, Defendants deny all allegations in paragraph 237.

238.  Plaintiff NAVARRO was a valued sales agent. To the extent an answer is required, Defendants deny all allegations in paragraph 238.

239.  To the extent an answer is required, Defendants deny all allegations in paragraph 239.

240.  To the extent an answer is required, Defendants deny all allegations in paragraph 240.

241.  To the extent an answer is required, Defendants deny all allegations in paragraph 241.

242.  To the extent an answer is required, Defendants deny all allegations in paragraph 242.

243.  Defendants admit that plaintiff enjoyed unhindered performance. However, defendants deny fostering and allowing a hostile work environment.

244.  To the extent an answer is required, Defendants deny all allegations in paragraph 244.

245.  To the extent plaintiff claims wrong doing by defendants toward plaintiff defendants deny all allegations in paragraph 245.

**246.**    To the extent plaintiff claims wrongdoing and/or a racial animus by defendants it is denied. Defendants deny all allegations in paragraph 246.

**247.**    Defendants agree with the principles set forth at 42 USC § 1981 but to the extent an answer is required, Defendants deny all allegations in paragraph 247 to the extent they accuse or imply wrongdoing or discrimination.

**248.**    Plaintiff is not stating facts but rather making unsupported conclusory statements of law that do not apply to defendants. Denied.

**249.**    To the extent an answer is required, Defendants deny all allegations in paragraph 249.

**250.**    Once again plaintiff's "boilerplate" pleadings make no factual allegations that apply to plaintiff's case at Paragraph 250. Defendants deny paragraph 250.

**251.**    Plaintiff refers to unexplained "intentional and illegal conduct" which fails to put defendants on notice of the conduct or misconduct, actions or inactions complained about. To the extent an answer is required, Defendants deny all allegations in paragraph 251.

**252.**    Plaintiff's allegations of "willful misconduct, malice, fraud, wantonness, oppression and complete lack of care" are completely baseless in fact or law. To the extent an answer is required, Defendants deny all allegations in paragraph 252.

## COUNT XII
## NO RACE DISCRIMINATION AND/OR VIOLATION OF
## TITLE VII OR TEXAS COMMISSION ON HUMAN RIGHTS ACT

**253.** To the extent an answer is required, Defendants deny all allegations in paragraph 253.

**254.** To the extent an answer is required to plaintiff's "alternative" pleading, Defendants deny all allegations in paragraph 254.

**255.** To the extent an answer is required, Defendants deny all allegations in paragraph 255.

**256.** Defendants deny all allegations in paragraph 256.

**257.** Defendants deny all allegations in paragraph 257.

**258.** Defendants deny all allegations in paragraph 258.

**259.** Defendants deny the allegation that plaintiff's race and/or color was a motivating factor in plaintiff's termination; defendants deny the alleged disparate treatment of plaintiff based on race and/or color; and defendants deny that plaintiff's termination was wrongful and/or based on either race or color or national origin or ethnicity or gender. To be sure, defendants deny all allegations in paragraph 259.

**260.** Defendants deny all allegations in paragraph 260.

**261.** Defendants deny all allegations in paragraph 261.

**262.** Defendants deny all allegations in paragraph 262.

**263.**   Defendants deny all allegations in paragraph 263.

**264.**   Defendants deny all allegations in paragraph 264.

**265.**   Defendants deny all allegations in paragraph 265.

**266.**   Defendants deny all allegations in paragraph 266.

**267.**   Defendants deny all allegations in paragraph 267.

## IX.    REQUEST FOR ACCOUNTING IS MERITLESS AND VAXACIOUS

**268.**   Defendants deny all allegations incorporated by reference in paragraph 268.

**269.**   Defendants deny the allegations of paragraph 269.

**270.**   Defendants deny that plaintiff is entitled to an accounting.

## X.    ATTORNEYS' FEES SHOULD BE DENIED TO PLAINTIFF

**271.**   Plaintiff has not shown and it is respectfully submitted cannot show any entitlement to attorney fees against any defendant. To the extent an answer is required, defendants deny all allegations in paragraph 271.

## XI.    PRESERVATION OF EVIDENCE

**272.**   All parties have a duty to preserve evidence under the Federal Rules of Civil Procedure and Defendants will abide by all rules regarding preservation of evidence. However to the extent that an answer is required, paragraph 272 is denied. The problem here is that plaintiff has fabricated claims that are without evidentiary formation much less proof.

## XII.   DEMAND FOR JURY TRIAL

**273.** Defendants do not believe the plaintiff has shown any right or breach or wrongdoing for a jury trial but to the extent the plaintiff can make such a showing the defendants join in plaintiff's request for a jury trial.

## XIII. REQUIRED INITIAL DISCLOSURES

**274.** Initial disclosures will be provided in accordance with the Federal Rules of Civil Procedure.

## XIV.  COUNTERCLAIM FOR ATTORNEY FEES

**275.** Pursuant to the code, Defendants' are entitled to recover their attorney fees, expenses and court costs. Hence, Defendants' further prays for all costs and attorney fees associated with bringing the present case to trial in the amount of at least $50,000.00.

**276.**  In the event an appeal to the is needed Defendants seek at least $50,000.00, plus cost of the transcript and other costs of court.

**277.** If an appeal to the Supreme Court is required Defendants will incur and therefore seeks at least an additional $50,000.00 plus costs.

## XV.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully pray that this case be dismissed pursuant to Rules 12 (b)(6) or Rule 56 and that plaintiff's claims be denied and take nothing and further request defendants be

granted judgment of and from defendants against plaintiff MARIA NAVARRO in

the amount attorney fees incurred and costs incurred in the defense of this matter.

Respectfully submitted,

By: _____

**EDWARD L. PIÑA**
Attorney at Law
State Bar No. 16011352
**MATTHEW NEAL GOSSEN**
Attorney at Law
State Bar No. 24069814
**EDWARD L. PIÑA & ASSOCIATES, P.C.**
*The Ariel House*
8118 Datapoint Drive
San Antonio, Texas 78229
(210) 614-6400 Telephone
(210) 614-6403 Facsimile
Email: epina@arielhouse.com
Email: mgossen@arielhouse.com
**ATTORNEYS FOR DEFENDANTS'**
**NEWLEAF HOMES, LLC.,**
**CENTER POINT REALTY COMPANY,**
**AND FRED GHAVIDEL**

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of May 2023, a true and correct copy of the foregoing Defendants' Response and Answer to Complaint, Affirmative Defenses and Counterclaims Subject to Rule 8 and Rule 12 Defenses has been electronically filed with the Clerk of the Court using the CM/ECF system which will provide electronic service upon the following:

**ANDERSON ALEXANDER, PLLC**

Austin W. Anderson, Attorney
Email: austin@a2xlaw.com

Cliff Alexander, Attorney
Email: clif@a2xlaw.com

Blayne Fisher, Attorney
Email: blayne@12xlaw.com

Sandy Guerrero, Attorney
Email: sandy@a2xlaw.com

101 N. Shoreline Blvd., Suite 610
Corpus Christi, Texas 78401
Tel. (361) 452-1279
Fax (361) 452-1284
Email team@a2xlaw.com
**ATTORNEYS FOR PLAINTIFF**

**EDWARD L. PIÑA**
Attorney at Law